GARDNER WARREN *vs.* FRANCIS COGSWELL & wife.

A deed of "a certain parcel of land, situated in A., being my homestead, containing two hundred acres, being the same estate now occupied by me," does not pass four lots in the occupation of tenants at will, although included in two hundred acres in A., owned by the grantor; and cannot be contradicted by extrinsic evidence of an intent of the parties to include those lots.

WRIT OF ENTRY to recover two hundred acres of land in Andover. Plea, as to four lots included in the tract sued for, nul disseisin ; and a disclaimer as to the residue. Trial before *Metcalf*, J., who reported to the full court the following case :

The demandant claimed title under two mortgages to secure the payment of $20,000, made by John Marland to James L. Little and others in December 1847, and since foreclosed, of "a certain parcel of land, situated in said Andover, being the homestead of me the said John Marland, in that part of said Andover called Ballard Vale, containing two hundred acres of land, being the same estate now occupied by me." The tenant claimed title under a second mortgage, made by Marland in March 1848, which described by metes and bounds the four lots specified in the plea. At the time of making the demandant's mortgages, these four lots, with the houses and shops thereon, were owned by Marland, and occupied by tenants at will, paying rent to him ; and were separated by walls and fences from the residue of the land demanded, which was used and occupied by Marland as a farm, and had his mansion house upon it. Marland owned about two hundred acres of land at Ballard Vale.

The demandant offered in evidence certain policies of insurance upon buildings on these lots, effected by Marland and assigned by him to said Little and others; and also offered to prove that the property owned by Marland at Ballard Vale was not worth more than twenty thousand dollars. But the judge ruled that this evidence was incompetent.

*J. W. Emery*, ( *O. P. Lord* with him,) for the demandant. 1. The deed of John Marland to Little and others passed all the estate owned by Marland at Ballard Vale, at its date. All the

land then owned by him was but two hundred acres. The word " homestead " in this country has no settled legal meaning, and must be so construed, in connection with all the words used in the description of the thing granted, as to give effect to the intent of the grantor. *Taylor* v. *Mixer,* 11 Pick. 346. *Melvin* v. *Proprietors of Locks & Canals,* 5 Met. 15. *Wheeler* v. *Randall,* 6 Met. 529. *Dana* v *Middlesex Bank,* 10 Met. 250. *Aldrich* v. *Gaskill,* 10 Cush. 155. The construction is to be against the grantor. *Worthington* v. *Hylyer,* 4 Mass. 205. *White* v. *Gay,* 9 N. H. 126. *Cocheco Manufacturing Co.* v. *Whittier,* 10 N. H. 305. *Jackson* v. *Blodget,* 16 Johns. 172. ' The word " estate " may mean the quantity of the grantor's interest in lands. *Godfrey* v. *Humphrey,* 18 Pick. 539. *Tracy* v. *Kilborn,* 3 Cush. 557. The use of the words " homestead estate," and not " farm," shows that more than his farm was intended to be conveyed. The addition of the words " being the same estate occupied by me," if repugnant, cannot alter, limit or control the preceding description. *Cutler* v. *Tufts,* 3 Pick. 272. *Cartwright* v. *Amatt,* 2 Bos. & Pul. 43. *Melvin* v. *Proprietors of Locks & Canals,* 5 Met. 28. *Eliot* v. *Thacher,* 2 Met. 44, note. *Wheeler* v. *Randall,* 6 Met. 529. *Sawyer* v. *Kendall,* 10 Cush. 241. *Hibbard* v. *Hurlburt,* 10 Verm. 173. In *Brown* v. *Saltonstall,* 3 Met. 425, the words were not " estate occupied," but " house and land occupied ; " and were used in a devise, which must be construed, if possible, so as not to disinherit the heir. *Denn* v. *Gaskin,* Cowp. 661.

2. If upon the case stated a doubt is raised as to the meaning of the description, evidence of the contemporaneous acts of the parties, and of the value of the whole property, is admissible to remove the doubt. *Stone* v. *Clark,* 1 Met. 381. *Codman* v. *Winslow,* 10 Mass. 149. Broom's Max. (2d ed.) 473. *Derby* v. *Hall,* 2 Gray, 243. *Morgan* v. *Moore,* 3 Gray, 322.

*J. W. Perry,* for the tenants. 1. The four lots in question did not pass under the description " homestead," which means " chief seat," " mansion house," " place of the house," or " house place." " Homestead farm " has a broader signification, but does not necessarily include all the parcels of land owned by

the grantor, though lying and occupied together. 1 Bouvier's Law Dict. Homestead. *Woodman* v. *Lane*, 7 N. H. 245. *Taylor* v. *Mixter*, 11 Pick. 347. *Aldrich* v. *Gaskill*, 10 Cush. 158. Words of quantity are controlled by the other certain words of description. *Bacon* v. *Leonard*, 4 Pick. 277. *Aldrich* v. *Gaskill*, 10 Cush. 155. *Woodman* v. *Lane*, 7 N. H. 241, & cases cited. *Allen* v. *Allen*, 14 Maine, 387. *Jackson* v. *Barringer*, 15 Johns. 471. The words " now occupied by me " define and limit the former words ; and " occupied " has received a judicial construction that excludes these four lots from this description. *Brown* v. *Saltonstall*, 3 Met. 425. *Doe* v. *Parkin*, 5 Taunt. 321. *Marshall* v. *Pierce*, 12 N. H. 128. *Allen* v. *Allen*, 14 Maine, 387.

2. The evidence offered by the demandant was incompetent. It had no tendency to explain the meaning of the words " homestead " and " occupied." *Brown* v. *Saltonstall*, 3 Met. 425, & cases cited. *Tucker* v. *Seaman's Aid Society*, 7 Met. 209. *Norton* v. *Webster*, 12 Ad. & El. 442.

By the Court. 1. The four lots not in the grantor's occupation were not embraced in the term " homestead," and did not pass by the mortgages to Little and others. *Brown* v. *Saltonstall*, 3 Met. 413.

2. The evidence offered and excluded was inadmissible to affect the construction of the deed. *Judgment for the tenants.*